12-1291-cr
United States v. Ressa

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand and thirteen.

Present:
          PETER W. HALL,
          GERARD E. LYNCH,
          SUSAN L. CARNEY,

                    *Circuit Judges.*

_____

United States of America,

          *Plaintiff – Appellant*,

          v.                                                        No. 12-1291-cr

Christopher Ressa,

          *Defendant – Appellee*.

_____

FOR APPELLANT:          Rachel Maimin and Diane Gujarati, Assistant United States
                        Attorneys, of counsel, *for* Preet Bharara, United States Attorney
                        for the Southern District of New York, New York, New York.

FOR APPELLEE:           Steven M. Statsinger, of counsel, *for* Appeals Bureau of the
                        Federal Defenders of New York, Inc., New York, New York.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Patterson, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction is AFFIRMED, the sentence is VACATED, and the case REMANDED for re-sentencing.

The United States of America appeals from the district court's March 5, 2012, entry of judgment convicting Defendant Christopher Ressa ("Ressa"), following his plea of guilty, to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and sentencing Ressa to a total term of imprisonment of "time served." On appeal, the government contends that the district court committed four distinct procedural errors in sentencing Ressa and that Ressa's sentence to time served, which effectively amounts to less than one day of imprisonment, is substantively unreasonable. We reject the government's contention that Ressa's sentence was substantively unreasonable. We vacate the sentence and remand solely for re-sentencing, however, because—viewed in light of the district court's comments during sentencing—the statement of reasons does not preclude the possibility that in imposing the sentence the district court was improperly influenced by a philosophical disagreement with the statute of conviction, a factor that would render the sentence imposed procedurally unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, and we discuss these only as necessary to explain our decision to vacate and remand for re-sentencing.

In reviewing whether a sentence is procedurally unreasonable, we look, *inter alia*, to the district court's express findings, its consideration of the 18 U.S.C. § 3553(a) factors, and its written statement of reasons. In the written statement of reasons, the district court said that the

2

statute under which Ressa pled guilty "appears to be misdirected." The district court concluded: "We should be careful not to create a class of violators of criminal law who are individuals with unorthodox sexual habits, where there is no evidence to show that these individuals had the intent to harm, or an understanding that they were harming, other people."

On examination of the district court's oral and written statement of reasons, it is not clear to us that the sentence the district court ultimately imposed was not, in fact, influenced by its apparent belief that the statute of conviction was misdirected and inappropriately punished individuals who simply had "unorthodox sexual habits." It would have been procedurally improper for the district court to allow its personal beliefs about the wisdom of the statute of conviction to influence its calculation of the sentence, especially in light of Ressa's admission during allocution that he downloaded and viewed the images and videos knowing them to be child pornography and knowing that such actions violated the law. Because the record does not clearly reflect, however, the extent to which the sentence imposed was influenced by the district court's personal beliefs and concerns rather than its application of U.S.S.G. § 2G2.2, we vacate so much of the judgment as is comprised of the sentence, leaving the judgment of conviction and the guilty plea intact. *Cf. Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (explaining that "a district court's decision to vary from *the advisory Guidelines* may attract greatest respect when the sentencing judge finds a particular case outside the heartland to which the Commission intends individual Guidelines to apply" but that a "closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations even in a mine-run case" (emphasis added) (internal quotation marks omitted)); *United States v. Dorvee*, 616 F.3d 174, 184-87 (2d Cir. 2010) (explaining that U.S.S.G. § 2G2.2 "is fundamentally different from most [Guidelines]

3

and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires" and counseling that section 2G2.2 cannot be applied with rigid formality when such application "eviscerates the fundamental statutory requirement in § 3553(a) that district courts consider the nature and circumstances of the offense and the history and characteristics of the defendant"); *United States v. Oehne*, 698 F.3d 119, 126 (2d Cir. 2012) ("*Dorvee* advised district courts to exercise caution in imposing sentences for child pornography offenses at or near the statutory maximum even in run-of-the-mill cases." (internal quotation marks omitted)).

We have considered the government's remaining contentions regarding additional purported procedural errors, but we reject them. Judges' questions and comments in colloquy with counsel are often tentative thoughts or remarks intended to test ideas and elicit counsel's responses. Unlike the issue we have already identified above, however, it is clear to us the additional remarks to which the government takes exception, a number of which would be troubling had they been adopted by the court as reasons for a below-guidelines sentence, formed no part of the reasoning ultimately adopted by the court, either in its oral explanation for the sentence or in the written statement of reasons. The judgment of conviction is AFFIRMED, the sentence is VACATED, and the case REMANDED for re-sentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4